**CONCRETE SOLUTIONS and M.S. Industries of Louisiana, Inc.**

v.

**GEORGIA GULF CORPORATION, et al.**

No. Civ.A. 98–1083–A.

United States District Court, M.D. Louisiana.

May 15, 2000.

Reginald R. Smith, King & Spalding, Houston, TX, J. Kevin Buster, James C. Snyder, Jr., Rance L. Craft, King & Spalding, Atlanta, GA, for Georgia Gulf Corp, defendant.

Patrick A. Juneau, Jr., Thomas R. Juneau, The Juneau Firm, Lafayette, LA, for Master Maintenance and Construction, Inc., Lexington Ins. Co., defendants.

Henri Wolbrette, III, Ann DeGroff Levine, McGlinchey Stafford, PLLC, New Orleans, LA, James M. Garner, Sher, Garner, Cahill, Richter, Klein, McAlister & Hilbert, LLC, New Orleans, LA, for Payne & Keller Company, Inc., defendant.

Ronald A. Johnson, Michael W. Mallory, Johnson, Johnson, Barrios & Yacoubian, New Orleans, LA, Salvatore A. Faso, II, Westin, FL, for Amoco Energy Trading Corporation, Amoco Production Co., defendants.

Amy L. Baird, Hal Clayton Welch, Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, LA, Dwight C. Paulsen, III, Michael S. Sepcich, Lemle & Kelleher, New Orleans, LA, Leo Phillip Canova, Jr., Thomas C. Delahaye, Canova & Delahaye, Plaquemine, LA, for Louisiana Intrastate Gas Company, LIG Liquids Company, L.L.C., defendants.

Thomas E. Schwab, Barkley & Thompson, New Orleans, LA, for X.L. Insurance Company, defendant.

Marshall M. Redmon, Phelps, Dunbar, LLP, Baton Rouge, LA, for Primex, Ltd., defendant.

D. Russell Holwadel, Adams and Johnston, New Orleans, LA, Jesse R. Adams, Jr., Adams, Johnston & Oreck, New Orleans, LA, for Associated Electric & Gas Insurance Services, Ltd, defendant.

Emile C. Rolfs, III, Luis Arturo Leitzelar, Breazeale, Sachse & Wilson, Baton Rouge, LA, F. Barry Marionneaux, F. Charles Marionneaux, Marionneaux & Marionneaux, Plaquemine, LA, Reginald R. Smith, King & Spalding, Houston, TX, for Georgia Gulf Corp, counter-claimant.

Diane Adele Owen, Robert H. Schmolke, APLC, Baton Rouge, LA, James C. Donohue, Phelps, Dunbar, LLP, Baton Rouge, LA, Robert H. Schmolke, Baton Rouge, LA, James Russell Lewis, Kirk A. Patrick, III, Crawford & Lewis, Baton Rouge, LA, Joseph Walter Greenwald, Baton Rouge, LA, for Concrete Solutions, Inc., M.S. Industries of Louisiana, Inc. (MSI), plaintiffs.

Emile C. Rolfs, III, Luis Arturo Leitzelar, Breazeale, Sachse & Wilson, Baton Rouge, LA, F. Barry Marionneaux, F. Charles Marionneaux, Marionneaux & Marionneaux (APLC), Plaquemine, LA,

## AMENDED RULING ON MOTION FOR SUMMARY JUDGMENT

JOHN V. PARKER, District Judge.

The court hereby amends its previous ruling on motion for summary judgment dated March 22, 2000 (doc. 35) as follows:

Before the court is a motion for summary judgment filed on behalf of defendant, Georgia Gulf Corporation ("Georgia Gulf"). Plaintiffs have filed an opposition. There is no need for oral argument. Jurisdiction is based on the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201, et seq.

Georgia Gulf moves for summary judgment on its counterclaim against plaintiffs. The counterclaim arises out of an indemnity and hold harmless provision contained in a "Temporary Personnel Services Agreement" between Georgia Gulf and plaintiffs. The counterclaim states three causes of action: (1) breach of contract; (2) contractual indemnity; and (3) declaratory judgment. As the defendant correctly states, the only issue before the court is the applicability of the indemnity provision to lawsuits filed by three Concrete Solutions employees against Georgia Gulf and other defendants. For the following reasons, the court finds that Georgia Gulf is entitled to summary judgment on that issue.

### Facts

In accordance with Uniform Local Rule 56.1, the defendant has submitted a Statement of Uncontested Material Facts in which it contends there are no material facts in dispute (doc. 27). Under the Uniform Local Rules, "Each copy of the papers opposing a motion for summary judgment shall include a separate, short, and concise statement of material facts as to which there exist a genuine issue to be tried. All material facts set forth in the statement (of material facts) required to be served by the moving party will be deemed admitted, for the purposes of the motion, unless specifically denied." [1] The plaintiffs have not complied with the Uniform Local Rules. Therefore, the following material facts are admitted for the purposes of this motion: [2]

1. HydroChem Industrial Services, Inc. ("HydroChem") contracted with Concrete Solutions, Inc. and M.S. Industries of Louisiana, Inc. (collectively, "Concrete Solutions") to secure temporary labor for HydroChem's work in connection with the vinyl chloride monomer expansion at Georgia Gulf's Plaquemine, Louisiana plant in 1996.[3]

2. Concrete Solutions began providing this labor on September 24, 1996, pursuant to a Temporary Personnel Services Agreement with HydroChem.[4]

3. Paragraph 3.1 of the Agreement provides:

Agency [Concrete Solutions] agrees to defend, indemnify and hold harmless Contractor [HydroChem] and Owner [Georgia Gulf] and their respective affiliates, officers, directors, employees, agents, successors and assigns (individually or collectively, the "Indemnitee") from and against any and all claims, demands, causes of action, losses, costs damages, or liabilities (including attorney's fees) of whatever kind or nature ("Claims") for damage to any property, or for injuries to or sickness or death of any person, including, but not limited to, Agency, or any of its employees or invitees, which arise out of or in connection with Work. THIS INDEMNITY SHALL APPLY REGARDLESS OF WHETHER OR NOT ANY SUCH DAMAGE, INJURY, SICKNESS, OR DEATH IS CONTRIBUTED TO BY

---

1. LR 56.2M

2. The court notes that there is ample record evidence to establish the undisputed material facts, as will be made clear.

3. Georgia Gulf's Statement of Undisputed Material Facts, ¶ 1.

4. Id. at ¶ 2.

THE NEGLIGENCE OR FAULT OF INDEMNITEE, BY THE VIOLATION OF ANY LAW, STATUTE OR REGULATION BY INDEMNITEE, AND EVEN THOUGH INDEMNITEE MAY BE STRICTLY LIABLE THEREFOR. HOWEVER, AGENCY SHALL NOT BE LIABLE FOR THE SOLE NEGLIGENCE OF CONTRACTOR OR OWNER UNLESS THOSE CLAIMS ARE BROUGHT BY AN EMPLOYEE OF AGENCY. AGENCY SHALL DEFEND AND INDEMNIFY INDEMNITEE FOR ALL CLAIMS BY AGENCY'S EMPLOYEES EVEN IF CAUSED IN WHOLE OR IN PART BY THE SOLE, CONCURRENT, OR CONTRIBUTORY NEGLIGENCE OR OTHER FAULT OF CONTRACTOR OR OWNER.[5]

4. Paragraph 2.1 of the agreement provides: "The terms and conditions of this Agreement shall apply with respect to any Work performed during the term hereof for the Contractor [HydroChem] by Temporary Personnel Supplied by the Agency [Concrete Solutions]." [6]

5. Paragraph 1.2 of the Agreement defines "Work" as "labor or services to be performed by Temporary Personnel supplied by the Agency [Concrete Solutions] under this Agreement as may be requested from time to time by Contractor [HydroChem]." [7]

6. Paragraph 10.0 of the Agreement provides that the "term" of the Agreement began on May 24, 1996, and concluded on December 31, 1996.[8]

7. Concrete Solutions entered into the Agreement on May 24, 1996.[9]

8. Based on its use of Concrete Solutions employees, HydroChem had commenced performance of the Agreement by September 24, 1996.[10]

9. Melvin Cain, Sr., Kenneth Ray Phillips, and Ronald A. Scott, Jr. filed actions against Georgia Gulf and other defendants to recover damages for injuries which they allege they suffered on September 25, 1996, while they were working for Hydro-Chem at the Georgia Gulf plant pursuant to the Agreement.[11]

10. On September 23, 1997, Concrete Solutions filed an action in the Eighteenth Judicial District Court for the Parish of Iberville Parish (Sic), State of Louisiana, against several defendants, including Georgia Gulf, seeking reimbursement for an alleged increase in worker's compensation premiums, which it attributed to the large payments of benefits that its worker's compensation carrier made to the employees allegedly injured at Georgia Gulf.[12]

11. On October 28, 1998, Georgia Gulf made a written demand on Concrete Solutions under the indemnity provision in the Agreement, requesting that Concrete Solutions indemnify it for the $3,900,000 that Georgia Gulf had paid to compromise the claims of Melvin Cain, Sr. a Concrete Solutions employee, and his collaterals.[13]

12. In its demand letter, Georgia Gulf also listed the other plaintiffs in this litigation who had been employed by Concrete Solutions and tendered the defense of their claims.[14]

13. Concrete Solutions has not made any payment to Georgia Gulf in response

5. Id. at ¶ 3.

6. Id. at ¶ 4.

7. Id. at ¶ 5.

8. Id. at ¶ 6.

9. Id. at ¶ 7.

10. Id. at ¶ 8.

11. Id. at ¶ 9.

12. Id. at ¶ 10.

13. Id. at ¶ 11.

14. Id. at ¶ 12.

to Georgia Gulf's demand under the indemnity provision.[15]

After removal to this court, Georgia Gulf filed a motion to dismiss Concrete Solutions' complaint against it. The following day, Georgia Gulf filed a counterclaim against Concrete Solutions and M.S. Industries seeking indemnity for payments that Georgia Gulf made to settle the claims of Concrete Solutions employees. The court entered an Order granting Georgia Gulf's motion to dismiss plaintiffs' complaint on June 24, 1999. Georgia Gulf now moves for summary judgment on the causes of action asserted in its counterclaim.

## Summary Judgment

Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See FedR. CivP. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party must identify the evidence on file in the case which establishes the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548.

Once the moving party has made an initial showing, the party opposing the motion must offer evidence sufficient to establish the existence of essential elements of the party's case. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Mere assertions of a factual dispute unsupported by probative evidence will not prevent summary judgment; the party defending against a motion for summary judgment cannot defeat the motion unless it provides specific facts that show the case presents a genuine issue of material fact, such that a jury might return a verdict in its favor. *Anderson*, 477 U.S. at 256–57, 106 S.Ct. 2505. Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).

All evidence and the inferences to be drawn therefrom "must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); see also *Marshall v. Victoria Transp. Co.*, 603 F.2d 1122, 1123 (5th Cir. 1979). However, if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548.

## Applicable Law & Discussion

In opposition to Georgia Gulf's motion for summary judgment, plaintiffs make the following arguments: (1) Georgia Gulf has not properly supported its motion for summary judgment with competent evidence; (2) M.S. Industries was not a party to the Agreement at issue; (3) Georgia Gulf was the statutory employer of the Temporary Personnel and, therefore, had no obligation to pay damages in tort to the Temporary Personnel; (4) The Agreement was not in effect on the date of the alleged incident; (5) The purported indemnity provision of the Agreement does not apply to amounts paid to the Temporary Personnel; and (5) Any agreement to indemnify Georgia Gulf for its own intentional acts is null and void and against public policy. The court finds plaintiffs' arguments unpersuasive.

15. Id. at ¶ 13.

Initially, plaintiffs challenge Georgia Gulf's summary judgment evidence. Specifically, plaintiffs dispute the competency of the supporting affidavit of Luis A. Leitzelar, who is one of Georgia Gulf's counsel. In his affidavit, Mr. Leitzelar attests to the correctness of the Agreement, to correspondence from Reginald R. Smith, who is additional counsel for Georgia Gulf, to the President and Registered Agent for Concrete Solutions. Additionally, Mr. Leitzelar attests to the correctness of several pleadings filed in the Eighteenth Judicial District Court, Parish of Iberville, Louisiana. Plaintiffs argue that this affidavit does not comport with the requirements of Rule 56 of the Federal Rules of Civil Procedure because it is not based upon personal knowledge.

For present purposes, the relevant document is the Agreement. From what the court can tell, this Agreement has been filed in the record at least four times. Not once have plaintiffs challenged its authenticity. In fact, the Agreement was filed along with Georgia Gulf's counterclaim in this matter. According to the record, plaintiffs have not filed an answer to Georgia Gulf's counterclaim. Therefore, the court will accept the Agreement as competent summary judgement evidence.

■ Next, plaintiffs argue that M.S. Industries was not a party to the Agreement. Plaintiffs claim that the Agreement was never executed on behalf of MSI and, therefore, M.S. Industries is not bound by terms of the Agreement. However, their original state court petition against Georgia Gulf alleges that "petitioners [Concrete Solutions and M.S. Industries] entered into a TEMPORARY PERSONNEL SERVICES AGREEMENT with HydroChem." This statement constitutes a judicial admission that MSI was a party to the Agreement.

That being said, the court also holds that the Agreement became effective May 24, 1996. By judicial admission, plaintiffs acknowledged that they entered into the Agreement on May 24, 1996 in their original petition. Moreover, even if the agreement was not effective on that date, the Agreement became effective on September 24, 1996, when the parties commenced performance.[16]

■ Plaintiffs next argue that Georgia Gulf was the statutory employer of the Temporary Personnel and, therefore, had no obligation to pay damages in tort to the Temporary Personnel. This argument misses the mark. Since Georgia Gulf's claim is based on a written contract of indemnification, it need only show potential rather than actual liability to recover indemnity. *Terra Resources v. Lake Charles Dredging & Towing*, 695 F.2d 828, 832 (5th Cir.1983).

In a further attempt to escape the terms of a binding contract, Concrete Solutions argues that the indemnity provision of the Agreement does not apply to amounts paid to the Temporary Personnel. Although this argument deserves little recognition, the court notes the absurdity in such a contention. The Agreement is titled "Temporary Personnel Services Agreement."

■ Finally, plaintiffs argue that any agreement to indemnify Georgia Gulf for its own intentional acts is null and void and against public policy. However, plaintiffs come forth with no evidence to show that the incident occurred as a result of Georgia Gulf's intentional acts. Plaintiffs themselves have made no claim in this record of intentional acts of Georgia Gulf, although

**16.** La.Civ.Code Art.1927 states:

A contract is formed by the consent of the parties established through offer and acceptance.

Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent.

Unless otherwise specified in the offer, there need not be conformity between the manner in which the offer is made and the manner in which the acceptance is made.

such claim is made by others in the underlying litigation. As conclusory claims are insufficient to create an issue of material fact for summary judgment, this argument must falter as well.

For the foregoing reasons, the court finds that the indemnity provision in the agreement is enforceable as a matter of law. The court notes, however, that its ruling is limited to that issue. The court makes no ruling at this time concerning the liability of Concrete Solutions for amounts allegedly paid by Georgia Gulf to Concrete Solutions' employees.

Accordingly, the motion (doc. 26) on behalf of defendant, Georgia Gulf, for summary judgment is hereby GRANTED as it relates to the issue of the applicability of the indemnity provision in the "Temporary Personnel Services Agreement."